UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

10/16/2020 2:28 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

-------------------------------------X
DITECH FINANCIAL LLC,

                              Plaintiff,

          -against-                              MEMORANDUM & ORDER
                                                 19-CV-1714(JS)(ARL)
MARK P. RAGUSA,

                              Defendant.
-------------------------------------X
APPEARANCES
For Plaintiff:          Stephen J. Vargas, Esq.
                        Gross Polowy LLC
                        900 Merchants Concourse
                        Suite 412
                        Westbury, New York 11590

For Defendant:          No appearance.

SEYBERT, District Judge:

          Plaintiff Ditech Financial LLC ("Ditech" or "Plaintiff")
initiated this action against defendant Mark P. Ragusa
("Defendant"), seeking to foreclose on the mortgage encumbering
the property located at 14 Sherry Lane, Selden, New York 11784
(the "Property"), inter alia. (Compl., D.E. 1.)  Currently before
the Court is Plaintiff's motion for (1) a default judgment of
foreclosure and sale pursuant to Federal Rule of Procedure 55,
(2) a judgment of foreclosure and sale pursuant to New York Real
Property Actions and Proceedings Law ("RPAPL") Article 13, and
(3) the appointment of a referee to effectuate a sale of the
mortgaged property and to disburse the funds from such sale
pursuant to RPAPL § 1321 and Federal Rule of Civil Procedure 53.

(See Mot., D.E. 10.)  Plaintiff also seeks to substitute LoanCare, LLC ("LoanCare") as Plaintiff.  (See Mot.)  For the reasons that follow, Plaintiff's motion is GRANTED.

BACKGROUND[1]

I.   Facts

On November 3, 2003, Defendant executed and delivered a note to United Northern Mortgage Bankers, Ltd. whereby he promised to pay $267,950 plus interest at an annual rate of 6.875% (the "Note"). (Compl. ¶ 1; Note, Schedule A to Compl., D.E. 1 at ECF pp. 6-8.)  Defendant concurrently executed and delivered a mortgage ("Mortgage") to secure payment on the Note.  (Compl. ¶ 7.)  The Mortgage was recorded with the Office of the Suffolk County Clerk on January 24, 2004 at Book 20633/Page 371.  (Compl. ¶ 7.)  The Mortgage was subsequently assigned to County Wide Home Loans, Inc. and BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP.  (Compl. ¶¶ 8-9.)

On  January 23, 2014,  Defendant  executed  a  Loan Modification Agreement that modified the Note and Mortgage (the "Loan Modification  Agreement").  (Compl. ¶ 10.)  The Loan Modification Agreement was recorded with the Office of the Suffolk

---

[1] "The Court accepts all well-pleaded factual allegations in the complaint--except those relating to damages--as true." Windward Bora LLC v. Baez, No. 19-CV-5698, 2020 WL 4261130, at *1 n.1 (E.D.N.Y. July 24, 2020) (citation omitted).  "Any citations to the Complaint incorporate by reference the documents cited therein." Id.

County Clerk on April 9, 2014 in Book 22477, Page 867.  (Compl. ¶ 10.)  Thereafter, the Mortgage was assigned to Ditech, then to New Residential Mortgage LLC, and back to Ditech.  (Compl. ¶¶ 11-13.) Defendant failed to make a payment due July 1, 2018 and defaulted on the Note and Mortgage.  (Compl. ¶ 14.)  Plaintiff alleges to have complied with the notice provision of the Mortgage and RPAPL §§ 1304 and 1306.  (Compl. ¶ 17.)

II.  Procedural History

Plaintiff commenced this mortgage foreclosure action on March 26, 2019.  (See Compl.)  On the same day, a Summons was issued to Defendant at the Property address (D.E. 5) and on April 15, 2019, Defendant served Plaintiff by delivering a copy of the Summons and Complaint to Defendant's mother at 2 Marblestone Lane, South Setauket, New York 11720 (the "South Setauket Address") (D.E. 7). On May 17, 2019, the Clerk of Court entered a Certificate of Default against Defendant. (Cert. Default, D.E. 9.)  On September 20, 2019, Plaintiff filed this motion. (Mot.; Pl. Br., D.E. 11; Vargas Decl., D.E. 12.)  Plaintiff filed an Affidavit of Service confirming that on September 20, 2019, it served a copy of its motion, along with the supporting papers and exhibits, on Defendant at the South Setauket Address via U.S. mail.  (Aff. of Service, D.E. 13.)  As of the date of this Memorandum and Order, Defendant has not appeared nor has he filed a response.

DISCUSSION

I.   Standard of Review

"Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a judgment against a defaulting party." Wilmington PT Corp. v. Parker, No. 19-CV-2380, 2020 WL 1704303, at *3 (E.D.N.Y. Mar. 20, 2020) (citing Priestley v. Headminder, Inc., 647 F.3d 497, 504-05 (2d Cir. 2011) (further citations omitted), R&R Adopted sub nom. Wilmington PR Corp. v. Parker, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020). "[F]irst, the entry of a default, and second, the entry of a default judgment." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) (citations omitted). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." Id. "[A] party's default is deemed to constitute a concession of all well[-]pleaded allegations of liability." United States v. DiPaolo, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (citations omitted).

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." Mickalis, 645 F.3d at 128. "However, it is also true that a district court need not agree that the alleged facts

4

constitute a valid cause of action," id. at 137 (internal quotation marks and citation omitted), and the Court is "required to determine whether [Plaintiff's] allegations establish [Defendant's] liability as a matter of law," Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). "The decision to grant a motion for default judgment is left to the sound discretion of the district court." Wilmington PT Corp., 2020 WL 1704303, at *3.

II. Liability

Under New York law, a plaintiff seeking to foreclose must demonstrate "the existence of an obligation secured by a mortgage, and a default on that obligation." Gustavia Home, LLC v. Vielman, No. 16-CV-2370, 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017) (collecting cases), R&R Adopted, 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017). "Thus, once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has established a prima facie entitlement to judgment, and the burden shifts to the defendant to rebut the plaintiff's evidence." Windward Bora, LLC v. Sterling, No. 18-CV-1727, 2018 WL 5839797, at *3 (E.D.N.Y. Nov. 8, 2018) (citations omitted), R&R Adopted, 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018).

Here, through unrebutted allegations and supporting documentation, Plaintiff has demonstrated the existence of the Note, Mortgage, and Loan Modification Agreement. (See Compl. ¶¶ 6-15; Note; Mortgage, D.E. 1-3, at ECF pp. 6-26; Loan Modification

Agmt., D.E. 1-3, at ECF pp. 38-48.)  Plaintiff has also shown its
ownership of the Note, Mortgage, and Loan Modification Agreement
by submitting evidence that the Mortgage was transferred to Ditech
and subsequently to LoanCare, as discussed infra.  (See
Assignments, D.E. 1-3, at ECF pp. 30-37, 52-62.)  The Note provides
that Defendant may be required "pay immediately the full amount of
principal which has not been paid and all the interest that
[Defendant] owe[s] on the amount" if Defendant "do[es] not pay the
full amount of each monthly payment on the date it is due."  (See
Note §§ 6(b)-(c).)  Plaintiff also provides, among other documents,
the default notices and an Affidavit executed by Linda Brown (the
"Brown Affidavit"), an assistant secretary at LoanCare,[2] attesting
to Defendant's default under the terms of the Note, Mortgage, and
Loan Modification Agreement.  (See Brown Aff., Ex. G to Vargas
Decl., D.E. 12-7, ¶¶ 6-7, 10; Default Notices, D.E. 12-7, at ECF
pp. 4-13.)

Defendant neither answered the Complaint nor opposed the
instant motion and has therefore failed to rebut Plaintiff's prima
facie case that it is entitled to a default judgment.  Accordingly,
Plaintiff's motion for a default judgment of foreclosure and sale
is GRANTED.  Windward Bora LLC v. Valente, No. 18-CV-4302, 2019 WL
3872853, at *3 (E.D.N.Y. July 16, 2019); One W. Bank, FSB v. Davi,

---

[2] LoanCare's connection to this action is explained infra.

No. 13-CV-1055, 2014 WL 4897311, at *3 (N.D.N.Y. Sept. 30, 2014) (finding plaintiff made prima facie case where it submitted copies of the Note and Mortgage and an affidavit from an individual with knowledge of the defendant's "failure to make loan payments that the Note requires.").

III. Damages and Remedies

Plaintiff's statement of damages, as supported by the Brown Affidavit, indicates that it seeks damages in the total amount of $331,057.12. (Statement of Damages, Ex. H to Vargas Decl., D.E. 12-8.) This accounts for: (1) 228,279.33 in unpaid principal through June 9, 2019, (2) $88,565.25 in deferred principal per the Loan Modification Agreement through June 9, 2019, (3) $5,666.89 in unpaid accrued interest at a rate of 2.0% from June 1, 2018 to December 31, 2018 and 3.0% from January 1, 2019 to June 9, 2019, (4) $8,328.03 for escrow advances, (5) $45 for property inspections, (6) $180 in non-sufficient fund charges, (7) a $1,057.38 credit to Defendant, and (8) $1,050 in fees and costs. (Statement of Damages at ECF pp. 1-2.) Plaintiff also seeks an Order authorizing the foreclosure of the Mortgage and designation of Thomas J. Stock as Referee to conduct the sale of the Property to recoup the unpaid principal and interest. (Compl. at ECF p. 3; Proposed J., Ex. I to Vargas Decl., D.E. 12-9, at 2.)

A. Unpaid Principal

Pursuant to the terms of the Note, modified by the Loan
Modification Agreement, Defendant promised to pay $338,312.93 in
principal, with $88,565.25 of that amount deferred without
interest. (See Loan Modification Agmt. at ECF p. 39, § 3(c).)
The Note, incorporated by the Loan Modification Agreement,
provides that Defendant may be required "pay immediately the full
amount of principal which has not been paid and all the interest
that [Defendant] owe[s] on the amount" if Defendant "do[es] not
pay the full amount of each monthly payment on the date it is due."
(Note, D.E. 1-3, at ECF p. 3 §§ 6(b)-(c).) As of June 9, 2019,
Plaintiff owed $228,279.33 in unpaid principal and $88,565.25 in
deferred principal per the Loan Modification Agreement. (Brown
Aff. ¶ 10.) Therefore, the Court awards a total of $315,787.20
($316,844.58 less the $1,057.38 credit) to Plaintiff in unpaid
principal.

B. Interest

Plaintiff seeks $5,666.89 in accrued interest at a rate
of 2.0% from June 1, 2018 to December 31, 2018 and 3.0% from
January 1, 2019 to June 9, 2019. (See Statement of Damages at ECF
p. 1; Brown Aff. ¶ 10.) "Plaintiff does not provide a per diem
interest rate in its papers. However, such value can be easily
calculated with the following formula: daily interest rate =
(outstanding principal x interest rate per annum) / 365 days."

_Nationstar Mortg. LLC v. Dolan_, No. 16-CV-1360, 2018 WL 3323526, at *4 n.1 (N.D.N.Y. July 6, 2018).  The Court applies this formula to the unpaid principal exclusive of the deferred principal amount (_i.e._, $228,279.33) and awards Plaintiff $5,647.56 in past-due interest owed.  This accounts for past-due interest in the amount of $2,664.3 for the period between June 1, 2018 and December 31, 2018 at a _per_ _diem_ rate of $12.51 and in the amount of $2,983.26 for the period between January 1, 2019 and June 9, 2019 at a _per_ _diem_ rate of $18.76.

The Court takes notice that the proposed judgment provides for pre- and post-judgment interest.  As such, the Court awards Plaintiff _per_ _diem_ pre-judgment interest of $18.76, starting from June 9, 2019 until the date on which judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a), running from the date judgment is entered until judgment is satisfied.  See _Windward Bora LLC v. Sterling_, No. 18-CV-1727, 2018 WL 5839797, at *5 (E.D.N.Y. Nov. 8, 2018) (awarding _per_ _diem_ pre-judgment interest and post-judgment interest at the statutory rate), _R&R_ _Adopted_, 2018 WL 6706311 (E.D.N.Y. Dec. 19, 2018).

C. Additional Charges

Plaintiff further seeks $8,328.03 for escrow advances, $45 for property inspections, and $180 in non-sufficient fund charges.  (See Statement of Damages; Brown Aff. ¶ 10.)  Under the

Mortgage, which is incorporated by the Loan Modification Agreement, Plaintiff may recover "for services performed in connection with [a] default . . . including, but not limited to . . . property inspection and valuation fees." (Mortgage at ECF p. 21 ¶ 14.) Accordingly, the Court awards Plaintiff $8,328.03 for escrow advances and $45 for property inspections. See Onewest Bank, N.A. v. Cole, No. 14-CV-3078, 2015 WL 4429014, at *5 (E.D.N.Y. Apr. 17, 2015), R&R Adopted (E.D.N.Y. July 17, 2015) (adopting report and recommendation and awarding costs incurred for, inter alia, escrow advances and property inspections in a mortgage foreclosure action where the mortgage provided for recovery of same); OneWest Bank, N.A. v. Denham, No. 14-CV-5529, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015), R&R Adopted, 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015). Plaintiff is not entitled to $180 in non-sufficient fund charges where neither the Note, the Mortgage, nor the Loan Modification Agreement provides for such charges.

D. Fees and Costs

Plaintiff further seeks a total of $1,050 in Fees and Disbursements. (See Statement of Damages at ECF pp. 1-2.) This is comprised of: (i) $400.00 for the case filing fee; (ii) $275.00 for "paid for searches;" (iii) $105.00 for services of the Summons and Complaint; (iii) $220.00 for the Clerk's fee for filing the Notice of Pendency; and (iv) $50 for certified documents. (See

10

id.)  The Mortgage provides that Plaintiff may recover all costs and disbursements associated with a lawsuit for Foreclosure and Sale.  (See Mortgage at ECF p. 24 ¶ 22.)

"Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." Nationstar Mortg. LLC v. McCarthy, No. 16-CV-3063, 2019 WL 5694333, at *6 (E.D.N.Y. July 26, 2019), R&R Adopted, 2019 WL 3798048 (E.D.N.Y. Aug. 13, 2019) (citations omitted).  "[T]he party seeking to recover costs 'bears the burden of adequately documenting and itemizing the costs requested.'"  Id. (quoting Ganci v. U.S. Limousine Serv. Ltd., No. 10-CV-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015)).  Here, Plaintiff has submitted sufficient invoices of the $275.00 for "paid for searches" and $105.00 for service of the Summons and Complaint.  (Statement of Damages at ECF pp. 4-5.)  The Court takes judicial notice that Plaintiff incurred the $400.00 filing fee in this action.  See Freedom Mortg. Corp. v. Jett, No. 18-CV-3306, 2019 WL 3714795, at *6 (E.D.N.Y. May 23, 2019), R&R Adopted, 2019 WL 3805103 (E.D.N.Y. Aug. 13, 2019).  Plaintiff has failed to substantiate the $220.00 fee for filing the Notice of Pendency and the $50 fee for "certified documents."  Accordingly, Plaintiff is entitled to $780 in fees and costs.

E. Judgment of Foreclosure and Sale

Plaintiff seeks a judgment of foreclosure and sale of the Property and the appointment of a Referee to conduct the sale. (See Proposed J.)  A plaintiff is entitled to foreclose upon and sell a property if it demonstrates "the existence of an obligation secured by a mortgage, and a default on that obligation." Denham, 2015 WL 5562980, at *5 (internal quotation marks and citation omitted).  "Courts routinely appoint referees to effectuate the sale of foreclosed properties." Jett, 2019 WL 3714795, at *7 (citations omitted).

As stated above, Plaintiff has established its presumptive right to foreclose upon the Property arising out of Defendant's default.  Thus, Plaintiff's request for a judgment of foreclosure is GRANTED, Thomas J. Stock is APPOINTED as referee to effectuate the sale of the Property, and the proceeds of the sale shall be applied to the total amount owed to Plaintiff as set forth above.  See Denham, 2015 WL 5562980, at *14 (recommending that the district court enter a judgment of foreclosure and sale for the proceeds to apply to the outstanding amount owed on the note).

Moreover, to the extent requested, Plaintiff is entitled to recoup the sale-related expenses it requests.  See Windward Bora LLC v. Baez, No. 19-CV-5698, 2020 WL 4261130, at *6 (E.D.N.Y. July 24, 2020) (collecting cases).

IV.  <u>Motion to Substitute Ditech and Amend the Caption</u>

Last, the Court addresses Plaintiff's motion to amend the caption to substitute LoanCare for Ditech as its "successor in interest." (Pl. Br. at 6.)  Federal Rule of Civil Procedure 25(c) provides that in case of any transfer of interest, "the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  "The purpose of Rule 25(c) is to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit."  <u>In re Rates—Viper Patent Litig.</u>, No. 09-CV-4068, 2011 WL 856261, at *1 (S.D.N.Y. Mar. 10, 2011) (internal quotation marks and citation omitted).  "Substitution of a successor in interest or its joinder as an additional party under Rule 25(c) is generally within the sound discretion of the trial court."  <u>Assets Recovery Ctr. Invs., LLC v. Smith</u>, No. 13-CV-0253, 2017 WL 10088188, at *2 (E.D.N.Y. Aug. 18, 2017) (quoting <u>Organic Cow, LLC v. Ctr. for New England Dairy Compact Rsch.</u>, 335 F.3d 66, 71 (2d Cir. 2003)).  "However, 'such discretion may not be abused by allowing substitution in the absence of a transfer of interest.'"  <u>Id.</u> (quoting <u>In re Chalasani</u>, 92 F.3d 1300, 1312 (2d Cir. 1996)).  "Put differently, 'a determination that a party is, in fact, a successor-in-interest is a prerequisite to substitution' under Rule 25(c)."  <u>Id.</u> (quoting

Levin v. Raynor, No. 03-CV-4697, 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010)).

Under New York law, "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." JPMorgan Chase Bank, Nat'l Ass'n v. Weinberger, 37 N.Y.S.3d 286, 288 (2d Dep't 2016). Here, Plaintiff's counsel represents that Ditech "physically delivered the Promissory Note, Mortgage, and Home Affordable Modification Agreement to Loan Care" (Vargas Decl. ¶ 9) and submitted a copy of Ditech's assignment of the Mortgage, as modified by the Loan Modification Agreement, to LoanCare (LoanCare Assignment, Ex. F to Vargas Decl., D.E. 12-6). The assignment was recorded in the Suffolk County Clerk's Office on July 3, 2019 under Liber M00023039 at Page 289. (See LoanCare Assignment.) This is sufficient to show that LoanCare "holds the requisite interest in this action." Assets Recovery, 2017 WL 10088188, at *4 (granting motion to substitute successor-in-interest as plaintiff in mortgage foreclosure action where plaintiff submitted a declaration, under penalty of perjury, that the successor-in-interest has physical custody of the note). Accordingly, Plaintiff's motion to substitute LoanCare as Plaintiff is GRANTED.

CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to amend the caption is GRANTED and the Clerk of the Court shall amend the caption to substitute LoanCare, LLC for Ditech as Plaintiff.

**IT IS FURTHER ORDERED** that:

A. Plaintiff's motion for default judgment (D.E. 10) is GRANTED; and

B. The Court awards Plaintiff damages consisting of: (1) $315,787.20 in the unpaid principal; (2) $5,647.56 in past-due interest through June 9, 2019, (3) pre-judgment interest of $18.76 running from June 9, 2019 until judgment is entered, (4) post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until the date judgement is satisfied, (5) 8,373.03 for escrow advances ($8,328.03) and for property inspections ($45), (6) $780 in fees and costs, and (7) other costs related to the sale of the Property, as specified in Plaintiff's motion and the proposed judgment; and

C. Within one (1) week of entry of this Memorandum and Order, Plaintiff is directed to serve Defendant at both the Property and to his attention at 2 Marblestone Lane, South Setauket, New York 11720 and shall file proof of service to the docket; and

15

D. Within fourteen (14) days of entry of this Memorandum and Order, Plaintiff shall submit an updated proposed Judgment of Foreclosure and Sale consistent with this Memorandum and Order and replacing Ditech with LoanCare, LLC (see, e.g., Proposed J.);

E. After entry of the judgment of foreclosure and sale, the Clerk of the Court shall mark this case CLOSED.

SO ORDERED.

_/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:      October __16__, 2020
            Central Islip, New York