UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
LOANCARE, LLC,

                          Plaintiff,

        -against-                          MEMORANDUM & ORDER
                                           19-CV-1714(JS)(ARL)
MARK P. RAGUSA,

                          Defendant.
---------------------------------------X
APPEARANCES
For Plaintiff:        Stephen J. Vargas, Esq.
                      Gross Polowy LLC
                      900 Merchants Concourse, Suite 412
                      Westbury, New York 11590

For Defendant:        No appearance

SEYBERT, District Judge:

        Before   the   Court   is   Plaintiff   LoanCare,   LLC's
("Plaintiff") motion to (1) vacate the Judgment of Foreclosure and
Sale pursuant to Federal Rule of Civil Procedure 60(b); and
(2) cancel the Notice of Pendency of Action filed with the Office
of the Clerk of Suffolk County on April 5, 2019, and with this
Court on April 8, 2019, pursuant to Section 6514(a) of New York
Civil Practice Laws and Rules.[1] (See Mot., ECF No. 18; Declaration
of Stephen J. Vargas, Esq. ("Vargas Decl."), ECF No. 19.)

---

[1] Plaintiff also seeks to voluntarily dismiss this action pursuant
to Federal Rule of Civil Procedure 41(a)(2). (See Mot.) The Court
does not address this request because this case was dismissed and
marked closed on October 27, 2020. (See ECF No. 17.)

Defendant has not opposed the motion.  For the following reasons, Plaintiff's motion is GRANTED.

BACKGROUND

I.  <u>Facts</u>

The Complaint alleges that on November 3, 2003, defendant Mark P. Ragusa ("Defendant") executed and delivered a note to United Northern Mortgage Bankers, Ltd. whereby he promised to pay $267,950 plus interest at an annual rate of 6.875% (the "Note").  (Compl., ECF No. 1, ¶ 1; Note, Compl., Schedule A, ECF No. 1, at ECF pp. 6-8.)  Defendant concurrently executed and delivered a mortgage ("Mortgage") to secure payment on the Note.  (Compl. ¶ 7.)  The Mortgage was recorded with the Office of the Suffolk County Clerk on January 24, 2004 at Book 20633/Page 371.  (<u>Id.</u>)  The Mortgage was assigned many times, and most recently, Ditech Financial LLC assigned the Note and Mortgage to Plaintiff.[2]

On January 23, 2014, Defendant executed a Loan Modification Agreement that modified the Note and Mortgage (the "Loan Modification Agreement").  (Compl. ¶ 10.)  The Loan Modification Agreement was recorded with the Office of the Suffolk County Clerk on April 9, 2014 in Book 22477, Page 867.  (<u>Id.</u>)  Defendant failed to make a payment due July 1, 2018 and defaulted on the Note and Mortgage.  (<u>Id.</u> ¶ 14.)

---

[2] <u>See</u> October Order, ECF No. 14, at 13-14 (discussing assignment history).

II.  <u>Procedural History</u>

Plaintiff initiated this action against Defendant, seeking to foreclose on the mortgage encumbering the property located at 14 Sherry Lane, Selden, New York 11784 (the "Property"), <u>inter alia</u>.  (<u>See generally</u> Compl.)  The same day, a Summons was issued to Defendant at the Property address (ECF No. 5) and on April 15, 2019, Defendant served Plaintiff by delivering a copy of the Summons and Complaint to Defendant's mother at 2 Marblestone Lane, South Setauket, New York 11720 (the "South Setauket Address") (ECF No. 7).  On May 17, 2019, the Clerk of Court entered a Certificate of Default against Defendant.  (Cert. Default, ECF No. 9.)  By Memorandum and Order dated October 16, 2020, the Court granted Plaintiff's motion for a default judgment.  (October Order, ECF No. 14.)  On October 27, 2020, the Court entered an Order of Judgment of Foreclosure and Sale (the "Judgment of Foreclosure and Sale") and awarded Plaintiff damages.  (J. of Foreclosure & Sale, ECF No. 17.)  On January 21, 2021, Plaintiff filed a motion requesting that the Court vacate the Judgment of Foreclosure and Sale pursuant to Federal Rule of Civil Procedure 60(b).  (Vargas Decl. ¶ 3.)

DISCUSSION

I.   Legal Standard

Federal Rule of Civil Procedure 60(b)(5) permits the Court to relieve a "party . . . from a final judgment, order, or proceeding [when] . . . the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," where the motion has been made within a "reasonable time." Eastern Savings Bank, FSB v. Strez, 320 F.R.D. 9, 10 (E.D.N.Y. 2017) (second and third alteration in original) (citing FED. R. CIV. P. 60(b)(5) & (c)(1)). "The elapse of time . . . is a less significant consideration where adverse interests join in the application." Id. Pursuant to Federal Rule of Civil Procedure 60(b)(6), a Court may also relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." Relief pursuant to Federal Rule of Civil Procedure 60(b)(6) is appropriate only in "extraordinary circumstances, or extreme hardship." See DeCurtis v. Ferrandina, 529 F. App'x 85, 86 (2d Cir. 2013) (quoting Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)). The proper application of Federal Rule of Procedure 60(b), generally, "strikes a balance between serving the ends of justice and preserving the finality of judgments." Reese v. Bahash, 574 F. App'x 21, 23 (2d Cir. 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)).

4

Moreover, the Second Circuit cautions courts against vacating judgments following settlement as a matter of course. See Eastern Savings, 320 F.R.D. at 11 (citing U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 26 (1994) and Mfrs. Hanover Trust Co. v. Yanakas, 11 F.3d 381, 385 (2d Cir. 1993)); see also Rana v. Islam, No. 14-CV-1993, 2019 WL 2225847, at *1 (S.D.N.Y. May 23, 2019).  When determining whether to vacate a judgment following a settlement, a court must carefully balance "the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law." Eastern Savings, 320 F.R.D. at 11 (quoting Jewelers Vigilance Cmte., Inc. v. Vitale, Inc., 177 F.R.D. 184, 186 (S.D.N.Y. 1998)).

II.  Plaintiff's Motion to Vacate the Judgment of Foreclosure

Plaintiff requests, and Defendant does not oppose, that the Court vacate the Judgment of Foreclosure and Sale because it "was mooted by settlement because the Plaintiff entered into a loan modification agreement with the Defendant, which settled the case and nullified the Default Judgment of Foreclosure and Sale." (Vargas Decl. ¶¶ 3, 5.)  The Court, in balancing the settlement against the public interest in the finality of judgments, finds that the scales tip in favor of granting the motion.  Here, the parties settled the dispute by way of a loan modification agreement; thus, proactively applying the Judgment of Foreclosure

5

and Sale "is no longer equitable." Eastern Savings, 320 F.R.D. at 11; see also U.S. Bank Tr., N.A. v. Toney, No. 17-CV-5516, 2019 WL 3779876, at *3 (E.D.N.Y. Aug. 12, 2019).

Further, in context of foreclosure actions, public policy concerns that "ordinarily militate against permitting settling parties to contract around a litigated judgment are of little or no relevance," because here, "decisional law [is] hardly advanced." Eastern Savings, 320 F.R.D. at 11 (explaining that public policy concerns that favor the finality of judgments focus on the "judicial proceedings and the collateral impacts such absence of finality might have on the development of decisional law," which are not typically at issue in a foreclosure action.) Moreover, "[n]othing before the Court suggests that the parties are attempting to 'game the system' in some fashion." Id. (quoting Am. Home Assur. Co. v. Kuehne & Nagel, No. 06-CV-6389, 2010 WL 1946718, at *2 (S.D.N.Y. May 7, 2010)). Indeed, Plaintiff, the party seeking vacatur and dismissal, originally sought the Judgment of Foreclosure and Sale and can only benefit from continued enforcement of the Judgment of Foreclosure and Sale. Toney, 2019 WL 3779876, at *3. Finally, no party has opposed Plaintiff's motion nor has any party requested relief from the Judgment of Foreclosure and Sale. See Eastern Savings, 320 F.R.D. at 11; Toney, 2019 WL 3779876, at *3; Rana, 2019 WL 2225847, at *2

("[T]he fact that [the adverse party] does not oppose relief from the judgment weighs in favor of vacatur.").

Therefore, Plaintiff's motion to vacate the Judgment of Foreclosure and Sale is GRANTED.  See Eastern Savings, 320 F.R.D. at 11–12 (granting plaintiff's motion to vacate the judgment of foreclosure and sale pursuant to Rule 60(b) where the parties entered into settlement after judgment).

III. Plaintiff's Motion to Cancel the Notice of Pendency

The Court also grants Plaintiff's request to cancel the Notice of Pendency of Action that was filed with the Office of the Clerk of Suffolk County on April 5, 2019, and with this Court on April 8, 2019, pursuant to Section 6514(a) of New York Civil Practice Laws and Rules.  (See Notice, ECF No. 6.)  Section 6514(a) permits the Court to "direct any county clerk to cancel a notice of pendency . . . if the action has been settled, discontinued or abated."  N.Y. C.P.L.R. § 6514(a); Toney, 2019 WL 3779876, at *3 (collecting cases).  Accordingly, the Notice of Pendency shall be canceled in consideration of the parties' settlement by way of loan modification.  See Toney, 2019 WL 3779876, at *3; Nationstar Mortgage LLC v. Fernandez, No. 17-CV-0404, 2018 WL 3424452, at *1 (E.D.N.Y. Mar. 20, 2018) (vacating judgment of foreclosure of sale, dismissing the action, and cancelling the notice of pendency filed in the county clerk's office where defendant satisfied the judgment of foreclosure and sale).

CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

a)  Plaintiff's motion (ECF No. 18) is GRANTED and the Clerk of the Court is directed to VACATE the October 27, 2020 Judgment of Foreclosure and Sale (ECF No. 17); and

b)  The Referee, Thomas J. Stock, Esq., who was appointed to sell the Property at public auction pursuant to the Judgment of Foreclosure and Sale, is DISCHARGED and RELIEVED of any and all obligations and requirements thereunder; and

c)  Pursuant to New York Civil Practice Laws and Rules, Section 6514(a), the County Clerk of Suffolk County is DIRECTED, upon payment of proper fees, if any, to cancel and discharge the Notice of Pendency filed in the Office of the Suffolk County Clerk on April 5, 2019, and with this Court on April 8, 2019, and said Clerk is DIRECTED to enter upon the margin of the record of the same a Notice of Cancellation referring to this Order; and

d)  Plaintiff shall forthwith serve a copy of this Order to Defendant at the Property and the South Setauket Address, and file proof of service to the docket; and

e)  This case remains CLOSED.

**SO ORDERED.**

____/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:    April __8__, 2021
          Central Islip, New York

8